# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

CARLTON FREEMAN                                        PLAINTIFF

v.                                     CIVIL ACTION NO. 5:17CV-P71-GNS

KENTUCKY PAROLE BOARD et al.                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Carlton Freeman filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1) while incarcerated at Kentucky State Penitentiary (KSP). Subsequent to the filing of the complaint, Plaintiff was transferred to Little Sandy Correctional Complex where he presently resides. The complaint is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will allow the constitutional claims for deliberate indifference to Plaintiff's serious medical needs and for failure-to-protect against Defendants Stagner and McCollum in their individual capacities for damages to proceed. All other claims and Defendants will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff identifies the following seven Defendants in the complaint: (1) the Kentucky Parole Board; (2) Lee A. Van Hoose, Chairman of the Kentucky Parole Board; (3) Eric Stagner, a Parole Officer with the Kentucky Parole Board; (4) Correct Care Solutions (CCS), which provides medical care for prisoners at KSP; (5) Ms. Yevett McCollum, Director of Dismas Charities -St. Patrick Halfway House (Dismas Charities); (6) the Kentucky Department of Corrections, Division of Probation and Parole (KDOC); and (7) Ray Weiss, the "C.E.O." of Dismas Charities. Plaintiff sues Defendants Stagner and McCollum in their individual

capacities; the other five Defendants are sued only in their official capacities. As relief, Plaintiff seeks monetary damages and punitive damages. He also seeks to be "[p]laced back on parole," to be placed in a "[b]etter [h]alfway [h]ouse," and for "[a]ll assistance and programs by social services." Further, Plaintiff states as follows: "If waived all money & punitive damages. Have all court fees & Clerk Fees waived. Pay only for my Lost of Job Wages of $800.00 and placed back on parole." Plaintiff asserts that he will waive all monetary damages "[o]n the condition of: that I, Carlton Freeman be placed back on Parole."

According to Plaintiff, on or about June 25, 2016, he was released from KSP to a halfway house, Dismas Charities. Plaintiff asserts that KDOC policy states that upon release, an inmate is to be given a 30-day supply of his medications. At the time of his release, Plaintiff states that he asked about his medication, but "nothing was done." He asserts that this was a "Constitutional Rights Violation: 'Neglect'! & Policy Procedure Violation."

Plaintiff states that he asked a CCS employee many times about his medication around the time he was being released from KSP. This CCS employee and a KDOC employee told Plaintiff that his medication "was In his property." Plaintiff states that when he was being released "to a bus stop," he looked in his property and "did not find his medication." Plaintiff states that he asked the releasing officer about this and was told that his medication was in his property. Plaintiff states that the medication was not in his property. Plaintiff asserts "Constitutional Rights Violation: 'Neglect!' & Policy Procedure Violation."

Plaintiff states that when he arrived at Dismas Charities, he told the director, Defendant McCollum, and her staff that he "will be needing his medication." Plaintiff asserts that he asked many times for his medication. He states that he was told that the staff "are working on it." It appears that Plaintiff believes that if Defendant McCollum had called KSP to verify that Plaintiff

2

needed medication, Plaintiff would not "be going through what his going through now." Plaintiff asserts, "Neglect!"

Plaintiff further states that he was "neglected to receive Obama Care through the halfway-House inssurence program." Plaintiff states that the halfway house is required by law to carry insurance on its residents. According to Plaintiff, he "tried ever way to receive his medication" from June 26, 2016, to July 28, 2016, but "could not receive his medication." Plaintiff states that Defendant Stagner, his parole officer, told Plaintiff "to let the halfway-house handled it for [him]," and was eventually told that he "could go to seven counties to get help." Plaintiff states that when he "tried to let the halfway-house staff no that [he] needed to go to seven counties to see the psychiatrist about [his] medication. They wouldn't let [him] go to see the doctor at all." Plaintiff states that he "was attack by a resident at the halfway-house two times." He states that he told Defendant McCollum and Defendant Stagner that he "was having a lot of problems at that halfway-house. From being threat by the residents, staff, and the drug problem it had. [He] could not get away from the drugs & the residents threating [him]." Plaintiff states that no one would listen to him or help him. Plaintiff asserts, "Constitutional Rights Violations: 'NEGLECT'!"

Plaintiff states that Defendant Weiss "had been notified of all of the wrong doing that is and stills going on in one of his halfway houses. And the wrong doing of his director [Defendant] McCollum." He claims "'NEGLECT'!! 'CARELESS'! 'GREED'! Constitutional Rights Violation."

Apparently Plaintiff ran away from the halfway house at some point. Plaintiff states that the Kentucky Parole Board would not listen to his "reason for running away from that halfway-house" at his preliminary hearing on October 6, 2016. Plaintiff states that he was charged with

3

absconding.  Plaintiff states that Defendant Stagner said he was not aware that Plaintiff was supposed to be on medication, but that he "stated that the plaintiff came to him saying he was having problems.  Problems of him not getting his medication & other issues."  Plaintiff states that it was in his prisoner file that he is supposed to be on medication, but that Defendant Stagner would not look at the file to find this out.

Plaintiff states that on November 5, 2017, the Kentucky Parole Board would not listen to the preliminary hearing tape before making a decision.  Plaintiff asserts that this is a "<u>Constitutional Rights violation & Due process violation</u> & <u>Policy</u> <u>Procedure</u> <u>Error</u>."

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 90 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*,

561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the district court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. Defendants KDOC and the Kentucky Parole Board

Title 42, United States Code, Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. Ann. §§ 12.250 and 15A.020. The Parole Board is an entity within the Justice and Public Safety Cabinet. *See* Ky. Rev. Stat. Ann. § 15A.030. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Warick v. Ky. Justice & Pub. Safety Cabinet*, No. 08-146-ART, 2008 WL 4443056, at *4 (E.D. Ky.

Sept. 26, 2008) (stating that a judgment against the KDOC, the Kentucky Justice & Public Safety Cabinet, the Kentucky Department of Probation & Parole, and the Kentucky Parole Board would be satisfied from the State treasury; thus, they "are not considered persons capable of being sued under Section 1983"). Because the KDOC and the Kentucky Parole Board are not "persons" under the Act, the claims against them fail.

Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against the KDOC and the Kentucky Parole Board. A state and its agencies, such as the KDOC and the Kentucky Parole Board, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Alabama v. Pugh*, 438 U.S. 78l, 782 (l978); *see also Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) ("The Parole Board is entitled to Eleventh Amendment immunity."); *Kersey v. Tenn. Bd. of Paroles*, No. 95-5870, 1996 WL 185779, at *1 (6th Cir. Apr. 17, 1996) (concluding that the Tennessee Board of Paroles enjoys Eleventh Amendment immunity from a § 1983 suit for money damages and declaratory and injunctive relief); *Long v. Ky. State Parole Bd.*, No. CIV.A.1:05CV-P21-M, 2005 WL 1949544, at *4 (W.D. Ky. Aug. 12, 2005) (finding that the Kentucky Parole Board is not a person subject to suit under § 1983 and that the Eleventh Amendment bars claims against). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (l979)).

---

[1]"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

Accordingly, the claims against KDOC and the Kentucky Parole Board will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant who is immune from such relief. These Defendants will also be dismissed since the claims against them will be dismissed.

### B. Defendant Van Hoose

The claims against Defendant Van Hoose are brought against him only in his official capacity as the Chairman of the Kentucky Parole Board. The official-capacity claims for damages against him will be dismissed on two bases. First, Defendant Van Hoose, as a state official and employee sued in his official capacity for damages, is absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71; *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, this Defendant is not a "person" subject to suit within the meaning of § 1983 when sued in his official capacity for monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim*)*; *Burrell v. Sumner*, No. 97-3705, 1998 WL 786979, at *1 (6th Cir. Oct. 29, 1998) (finding that state employees sued in their official capacity are not persons who may be sued for damages under § 1983).

Consequently, the claims seeking monetary damages against Defendant Van Hoose will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant who is immune from such relief.

7

## C. Defendant CCS

"The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation" such as CCS. *Detwiler v. S. Health Partners*, No. 3:16-cv-P343-DJH, 2016 WL 4083465, at *2 (W.D. Ky. Aug. 1, 2016). CCS cannot be held liable on a respondeat superior basis for the actions of its employees. *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001); *Ruley v. S. Health Partners*, No. 4:10-CV-P34-M, 2011 WL 2214998, at *4 (W.D. Ky. June 6, 2011). A private corporation such as CCS is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of the constitutional right. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

Plaintiff makes no allegation that the alleged constitutional deprivation resulted from a policy or custom of CCS. Consequently, the claims against Defendant CCS will be dismissed

for failure to state a claim upon which relief may be granted. Defendant CCS will also be dismissed since the claims against it will be dismissed.

## D. Defendant Stagner

Plaintiff complains about his probation revocation and Defendant Stagner's testimony at the preliminary hearing regarding his probation revocation. It is unclear what constitutional claims Plaintiff is asserting against Defendant Stagner as to his testimony and the revocation of Plaintiff's parole. However, the Court will construe these claims as Fourteenth Amendment due process claims. Such claims are barred.

The law is clear that a judge acting within the scope of his official duties and within his jurisdictional authority is absolutely immune from damages liability. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997); *Watts v. Burkhart*, 978 F.2d 269, 272-73 (6th Cir. 1992). This immunity confers complete protection from a civil suit. *Tulloch v. Coughlin*, 50 F.3d 114, 116 (2d Cir. 1995). "This immunity has been extended to parole officers sued in their individual capacity when their duties are judicial in nature." *Cobble v. Taylor*, No. 3:12-CV-00040-H, 2012 WL 4592924, at *2-3 (W.D. Ky. Oct. 2, 2012). A parole officer is considered to be exercising a judicial function when he recommends that parole be revoked or extended and is absolutely immune from liability. *See Fleming v. Martin*, 24 F. App'x at 259 (finding that parole supervisors and agents were absolutely immune from § 1983 liability because they were exercising a judicial function when they recommended plaintiff's parole be extended); *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996) (finding that the parole officers were protected by absolute immunity for concluding that plaintiff's release plan was unacceptable and recommending parole be delayed); *Walter v. Torres*, 917 F.2d 1379, 1384

9

(5th Cir. 1990) (finding that parole board members were absolutely immune from liability for their decision to revoke parole).

Moreover, to the extent that Plaintiff's claims are based upon Defendant Stagner's actual testimony in a judicial proceeding, the claims are also barred by the doctrine of absolute testimonial immunity. *Rehburg v. Paulk*, 566 U.S. 356, 363 (2012) (*citing Briscoe v. LaHue*, 460 U.S. 325, 340 (1983)); *see also Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) ("It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings.").

Plaintiff's allegations against Defendant Stagner involving his parole revocation and hearing testimony are actions that are judicial and testimonial in nature. Nothing in the complaint suggests that Defendant Stagner was acting in any capacity other than in his role as an officer of the court or a witness in the parole process. Consequently, the Fourteenth Amendment due process claims against Defendant Stagner will be dismissed.

As to Defendant Stagner, Plaintiff also complains that he failed to get Plaintiff the medication and medical treatment he needed and did nothing the help him when he informed Defendant Stagner about the threats and physical attacks he experienced while at Dismas Charities. Upon consideration, the Court will allow constitutional claims for deliberate indifference to Plaintiff's serious medical needs and for failure-to-protect to proceed against Defendant Stagner in his individual capacity for monetary damages.

### E. Defendant Weiss

The claim against Defendant Weiss is brought against him only in his official capacity as C.E.O. of Dismas Charities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*,

473 U.S. at 165 (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Thus, the official-capacity claims against him are construed as claims against Dismas Charities.

As previously stated, there are two elements necessary to make out a claim under § 1983: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. at 48; *Flint v. Ky. Dep't of Corr.*, 270 F.3d at 351. Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993), *abrogated on other grounds by Warren v. Prison Health Servs.*, *Inc.*, 576 F. App'x 545 (6th Cir. 2014) (citation omitted). For the purposes of initial review, the Court will presume that Dismas Charities is a state actor. *See Ford v. Dismas Charities, Inc.*, No. 3:96CV-471-S, 1999 WL 33534222, at *3 (W.D. Ky. Sept. 29, 1999) (deciding that Dismas could be sued under § 1983 because its actions with regard to the plaintiff were in relation to his court-ordered confinement).

The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private entity like Dismas Charities. *See Street v. Corr. Corp. of Am.*, 102 F.3d 818 ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). As previously stated, "a municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. at 691. A municipality can only be held responsible for a constitutional deprivation if there is a direct causal link between a municipal policy or custom and the alleged

constitutional deprivation. *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d at 363-64 (quoting *Coogan v. City of Wixom*, 820 F.2d at 176), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869). Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x at 465 ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Upon review of Plaintiff's factual allegations, the Court finds that Plaintiff has not alleged that Dismas Charities acted pursuant to a policy or custom with respect to his claims against it. The complaint appears to allege isolated occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").

Accordingly, the claim against Defendant Weiss will be dismissed for failure to state a claim upon which relief may be granted. Defendant Weiss will also be dismissed since the claim against him will be dismissed.

### F. Defendant McCollum

Plaintiff sues Defendant McCollum in her individual capacity. Plaintiff states that he repeatedly told Defendant McCollum about his need for medication and medical treatment, yet she would not listen to him or help him. Plaintiff further states that he was attacked on two occasions while at Dismas Charities, but no one would listen to him or help him.

Upon consideration, the Court will allow constitutional claims for deliberate indifference to Plaintiff's serious medical needs and for failure-to-protect to proceed against Defendant McCollum in her individual capacity for monetary damages.

### G. Violation of Policies and Procedures

Plaintiff asserts that KDOC violated its policies and procedures when its employees failed to provide him with a 30-day supply of his medication upon his release from KSP to Dismas Charities. However, failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *see also Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Therefore, Plaintiff's claim for violations of prison policies will be dismissed for failure to state a claim upon which relief may be granted.

### H. *Heck v. Humphrey*

Furthermore, Plaintiff's claims related to his parole revocation are all barred under the *Heck* doctrine. Under this doctrine:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thereafter, the Supreme Court held that *Heck* and its progeny indicate that "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the

prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

"*Heck* 'applies to proceedings that call into question the fact or duration of parole or probation.'" *Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) (quoting *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)). In the context of a parole revocation hearing, Plaintiff is required to show "that his parole revocation has been overturned by either a . . . state court or a federal habeas corpus decision." *Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003); *see also Munofo v. Alexander*, 47 F. App'x 329, 331 (6th Cir. 2002) (finding that plaintiff's "allegations of procedural defects are clearly an attempt to challenge the substantive result in the parole hearing" and are controlled by *Heck*); *Lucas v. Prob. & Parole*, No. 3:08CV-P301-S, 2010 WL 694209, at *3 (W.D. Ky. Feb. 23, 2010) (finding that plaintiff's action was barred by *Heck* because if the court were to find that defendants "violated [p]laintiff's due process rights by making false allegations in the probation violators warrant and revocation hearing, such an action would necessarily demonstrate the invalidity of [p]laintiff's revocation and his current confinement")

In the present case, a finding that Plaintiff's parole was improperly revoked would necessarily imply the invalidity of his continued confinement. Plaintiff has not shown that his parole revocation has been overturned. Therefore, all of Plaintiff's claims involving his parole revocation brought pursuant to § 1983 are barred by the *Heck* doctrine and will be dismissed.

## IV.  ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1)  That Defendant KDOC and the claims against it are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) since Plaintiff seeks monetary relief against a Defendant who is immune from such relief;

(2)  That Defendant Kentucky Parole Board and the claims against it are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) since Plaintiff seeks monetary relief against a Defendant who is immune from such relief;

(3)  That Defendant Van Hoose and the claims against him are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) since Plaintiff seeks monetary relief against a Defendant who is immune from such relief;

(4)  That Defendant CCS and the claims against it are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(5)  That the Fourteenth Amendment Due Process claims against Defendant Stagner arising from Plaintiff's parole revocation and parole hearing are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) since Plaintiff seeks monetary relief against a Defendant who is immune from such relief;

(6) That the claims against Defendant Weiss are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(7) That the claims alleging a violation of KDOC policies are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and

(8) All claims involving Plaintiff's parole revocation brought pursuant to § 1983 are barred by *Heck* and are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to terminate KDOC, the Kentucky Parole Board, Lee A. Van Hoose, CCS, and Ray Weiss as Defendants from the docket of this action.

**IT IS FURTHER ORDERED** that the following claims will proceed:

(1) The constitutional claims for deliberate indifference to Plaintiff's serious medical needs and for a failure-to-protect against Defendant Stagner in his individual capacity for damages; and

(2) The constitutional claims for deliberate indifference to Plaintiff's serious medical needs and for a failure-to-protect against Defendant McCollum in her individual capacity for damages.

The Court passes no judgment on the merit or ultimate outcome of this case. The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the continuing claims.

Date: September 26, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet
4416.003